# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Fred A. Colvin, Board of Trustees, on behalf of BRICKLAYERS LOCAL NO. 6 OF INDIANA PENSIONFUND; et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 2:13-CV-372-TLS |
| SLATILE ROOFING & RESTORATION d/b/a SLATILE ROOFING AND SHEET METAL INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Verified Motion for the Entry of an Order and Default Judgment Against Defendant Slatile Roofing & Restoration d/b/a Slatile Roofing and Sheet Metal Inc., Only [ECF No. 15], filed on August 20, 2014. In support of their Motion, the Plaintiffs have attached the Affidavits of Paul Berkowitz, counsel for the Plaintiffs, and Janice Keene, a payroll auditor.

The Plaintiffs are various trust funds who sued the Defendant pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132 and §1145, for the collection of delinquent contributions and related monies and costs that they allege Defendant Slatile owes to the Plaintiffs. The Plaintiffs' Complaint also named an individual Defendant, Gerald E. Longerot, who has since been dismissed by stipulation. Service was perfected on Defendant Slatile on November 22, 2013. On November 26, 2013, Defendant Longerot submitted an Answer pro se. However, on January 22, 2014, the Court entered a Minute Entry [ECF No. 8] ordering Defendant Slatile to obtain counsel because the individually named Defendant had

attempted to file an Answer on behalf of himself and the corporation, but businesses cannot appear pro se. The Answer was stricken as it related to Defendant Slatile. On March 6, 2014, the Court held a status conference and instructed Defendant Slatile to obtain counsel by May 8, 2014. Defendant Slatile did not enter an appearance or file an Answer. On August 5, 2014, the Clerk's Entry of Default [ECF No. 14] was entered against Defendant Slatile pursuant to Federal Rule of Civil Procedure 55(a).

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The Plaintiffs alleged that Defendant Slatile failed to make plan contribution payments from July 1, 2009, through September 30, 2012. ERISA requires that "[e]very employer who is

2

obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When a benefit plan wins a judgment to enforce payment of delinquent contributions, it is entitled to:

>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     (C) an amount equal to the greater of—
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and
>     (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

The default of Defendant Slatile has already been established, and, as a matter of law, it is liable to the Plaintiffs on the cause of action alleged against it in the Complaint for unpaid contributions. Additionally, the relief sought by the Plaintiffs in their Verified Motion for default judgment does not differ in kind from the relief sought in the Complaint or exceed the amount demanded in the Complaint. And, considering the affidavits and documentary materials before the Court, no hearing is necessary to determine the amount of damages.

The Court, being duly advised, GRANTS Plaintiffs' Motion [ECF No. 15] and ORDERS that default judgment be entered AGAINST Defendant Slatile Roofing & Restoration d/b/a Slatile Roofing and Sheet Metal Inc. The Defendant shall pay as follows:

A.    $1,417.79 to Plaintiff BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION

FUND (Pension Fund) representing late fees and audit fees;

B. $1,417.79 to Plaintiff BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND (H&W Fund) representing late fees and audit fees;

C. $2,770.00 in attorneys' fees and costs to the Pension Fund; and

D. $355.30 in attorneys' fees and costs to H&W Fund.

There are no remaining claims pending in this litigation.

SO ORDERED on September 11, 2014.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION